UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS S. OVERTON,<br><br>    Petitioner,<br><br>   v.<br><br>J. GASTELO,<br><br>    Respondent. | No. 2:16-cv-1181-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He advances three claims: (1) that insufficient evidence supported his firearm enhancement; (2) his appellate counsel was ineffective in failing to raise his firearm enhancement claim on direct appeal; and (3) that the state courts' failure to address the merits of his post-conviction claims violated his due process rights. *Id.* at 6. Respondent moves to dismiss arguing that: (1) the petition is untimely; (2) claims one and two of the petition are procedurally defaulted; and (3) claim three fails to raise a cognizable federal claim. ECF No. 15 at 1. For the reasons set forth below, respondent's motion should be granted.

**I.    Procedural Background**

Petitioner was convicted in the Solano County Superior Court of two counts of second degree robbery pursuant to California Penal Code § 211 and a gun enhancement pursuant to California Penal Code § 12022(a)(1). ECF No. 1 at 1-2. He appealed his conviction and, on May

1

28, 2014, the California Court of Appeal affirmed. ECF No. 1 at 2-3; ECF No. 15-1 at 2.[1] Petitioner elected not to seek review in California Supreme Court. ECF No. 1 at 3.

On February 17, 2015, petitioner filed a petition for writ of habeas corpus with the Solano County Superior Court. ECF No. 15-1 at 4-32 (Exhibit 2).[2] The superior court denied that petition on April 21, 2015. *Id*. at 35-38 (Exhibit 3). Petitioner then filed a motion for reconsideration on June 14, 2015 (*Id*. at 40-42 (Exhibit 4)) and the superior court denied that motion on July 6, 2015 (*Id*. at 89-90 (Exhibit 5)). On July 9, 2015 petitioner filed a "Supplemental Points & Authorities in Support of Granting a Rehearing on Habeas Corpus." *Id*. at 92-95 (Exhibit 6). The superior court construed this as a second motion for reconsideration and denied it on July 31, 2015. *Id*. at 97-98 (Exhibit 7).

Petitioner filed a second petition for writ of habeas corpus on July 22, 2015, also with the Solano County Superior Court. *Id*. at 100 -105 (Exhibit 8). The superior court denied that petition on September 25, 2015 as "successive, piecemeal, and delayed" and noted that petitioner had failed "to offer any justification for why the claims he raises in his petition were not and could not have been raised at an earlier time . . . ." *Id*. at 138 (Exhibit 10).

Petitioner then filed a petition for writ of habeas corpus with the California Court of Appeal for the First Appellate District on November 3, 2015. *Id*. at 142-147 (Exhibit 11). The court of appeal denied this petition without comment on November 10, 2015. *Id*. at 180 (Exhibit 12).

On December 21, 2015, petitioner filed a writ of habeas corpus with the California Supreme Court (*Id*. at 182-194 (Exhibit 13)). It was denied without comment on February 3, 2016 (*Id*. at 228 (Exhibit 14)).

---

[1] The court notes that petitioner did not attach his post-conviction court records to his petition. Respondent has attached them to its motion to dismiss. The court may take judicial notice of court records and does so here. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010).

[2] The petition was filed with the superior court on February 25, 2015. ECF No. 15-1 at 4. As respondent points out, however, the "mailbox rule" dictates that a prisoner's petition is deemed filed upon delivery to prison officials for filing.

2

1    Petitioner filed this federal habeas petition on May 19, 2016. ECF No. 1.

**II.    Applicable Legal Standards**

**A.    Motion to Dismiss**

In the context of federal habeas claims, a motion to dismiss is construed as arising under rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

**B.    Statute of Limitations**

A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. *See* 28 U.S.C. § 2244(d). In most cases, the statute of limitations begins to run after the state court judgment becomes final pursuant to 28 U.S.C. § 2244(d)(1).

The limitations period is tolled while a properly filed application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). An application for such relief is only "properly filed", however, if it is authorized by and in compliance with state law. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). It bears

/////

3

noting that there is no tolling for periods of unreasonable delay between state court applications. *See Carey v. Saffold*, 536 U.S. 214, 225 (2002).

**III.   Analysis**

As noted above, petitioner's conviction was affirmed on direct review by the court of appeal on May 28, 2014. ECF No. 1 at 2-3; ECF No. 15-1 at 2. Petitioner did not appeal this decision to the California Supreme Court and, consequently, the state judgment became final on July 7, 2014. *See* California Rules of Court 8.264, 8.500; *see also Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2001). The one year statute of limitations began to run the following day and petitioner had until July 8, 2015 to file his federal habeas petition.[3]

Respondent correctly notes that the one year statute of limitations was tolled during the pendency of petitioner's properly-filed state habeas application, which was filed on February 17, 2015. ECF No. 15-1 at 4-32 (Exhibit 2). At the time of that filing, 141 days remained in the one year limitations period. The superior court denied this application on April 21, 2015. *Id.* at 35-38 (Exhibit 3). Petitioner then filed two motions for reconsideration one filed on June 14, 2015 (*Id.* at 40-42 (Exhibit 4)) and another filed July 9, 2015 (*Id.* at 92-95 (Exhibit 6)). The first was denied on July 6, 2015 ((*Id.* at 89-90 (Exhibit 5)) and the latter was denied on July 31, 2015 (*Id.* at 97-98 (Exhibit 7)). Respondent notes that there is some question as to whether petitioner is entitled to tolling during the gap between the two motions for reconsideration, but goes on to assume, for the purposes of this motion, that he was entitled to tolling for the entire period between February 17, 2015 and July 31, 2015. ECF No. 15 at 4. Accordingly, 141 days remained to file a timely federal petition on July 31, 2015.

---

[3] Respondent contends that petitioner had until July 7, 2015. ECF No. 15 at 4. Fed. R. Civ. P. 6(a), however, provides that:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

Accordingly, petitioner's one year period began to run on the day following his final judgment. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Rule 6(a) of the Federal Rules of Civil Procedure in calculating AEDPA's statute of limitations).

4

1         Petitioner also filed a second petition with the superior court on July 22, 2015 – while one of his motions for reconsideration was still pending. ECF No. 15-1 at 100 -105 (Exhibit 8). This petition was not denied until September 25, 2015 (*Id*. at 138 (Exhibit 10)), but respondent contends that petitioner is not entitled to tolling during this period because this petition was untimely. The court agrees. In denying this second petition, the superior court specifically noted that it was "[s]uccessive, piecemeal, and delayed." *Id*. Untimely petitions are not "properly filed" for the purposes of 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *see also White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) ("[T]olling under section 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards."); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. Cal. 2010) ("For tolling to be applied based on a second round [petition], the petition cannot be untimely or an improper successive petition.").

        Petitioner's subsequent habeas petitions to the California Court of Appeal and California Supreme Court presented the same claims as this untimely petition. ECF No. 15-1 at 142-147 (Exhibit 11) & 182-194 (Exhibit 13). Both petitions received silent denials. *Id*. at 180 (Exhibit 12) & 228 (Exhibit 14). The court 'looks through' these silent decisions to the superior court's denial on procedural grounds. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."); *Harrison v. Campbell*, 254 F. App'x 644, 645 (9th Cir. 2007) (citable for its persuasive value pursuant to Ninth Circuit Rule 36-3) (a California superior court's reasoned decision that a petition was untimely was properly imputed to 'unexplained orders' from the California Court of Appeal and Supreme Court which left "in effect the consequences of the lower court's decision . . . ."). As such, these subsequent petitions were also not properly filed and do not toll AEDPA's statute of limitations. Nor is petitioner entitled to gap tolling for the intervals before or after the filing and denial of these petitions. *See Thorson v. Palmer*, 479 F.3d

643, 646 (2007) (quoting *Bonner v. Carey,* 425 F.3d 1145, 1149 (9th Cir. 2005)) ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.").

Therefore, petitioner had 141 days from July 31, 2015 to file his federal petition. The deadline was December 21, 2015[4] and petitioner did not file the immediate petition until May 19, 2016.

The time period, however, may be equitably tolled if petitioner can show that: "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). But "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations and citations omitted). Petitioner has not met that threshold here. In his opposition, he argues that "he is a true layman at law" and, consequently, did not discover the factual predicates of his additional claims until after the filing of his initial superior court habeas petition. ECF No. 17 at 2. As respondent correctly notes, however, the inquiry under § 2244(d)(1)(D) as to when a "the factual predicate of the claim or claims presented could have been discovered by the exercise of due diligence" is an objective one. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Ninth Circuit has held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, the 'factual predicate' of a particular claim is discovered "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Applying the test objectively, the court finds that there is no basis for concluding that, by the time his state judgment was finalized, petitioner could not have discovered the factual predicates of his claims that: (1)

---

[4] The expiration of the 141 days fells on a Saturday (i.e., December 19, 2015). Under Federal Rule of Civil Procedure 6 the period continued to run "until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

insufficient evidence supported his firearm enhancement and (2) his appellate counsel was ineffective in failing to raise his firearm enhancement claim on direct appeal.

The only claim for which the factual predicate could not have been discovered at that time is petitioner's contention that the state courts erred in failing to reach the merits of his successive habeas petition.[5] For obvious reasons, the factual predicate of this claim could not have been discovered until the superior court denied his successive petition on procedural grounds on September 25, 2015. Petitioner is not entitled to tolling on this claim, however, insofar as it does not actually challenge his conviction. Section 2244(d)(2) provides for tolling during the period "a properly filed application for State post-conviction or other collateral review with respect to the *pertinent judgment or claim* is pending." (emphasis added). Petitioner's claim that the courts erred in disposing of his successive state habeas petition on procedural rather than merits based grounds, even if ultimately successful, does not speak to the validity of the judgment by which he is incarcerated. Moreover, even if this claim were construed as timely, petitioner would still not be entitled to relief. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Hubbart v. Knapp*, 379 F.3d 773, 779 (9th Cir. 2004) (quoting *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989)).

**IV.    Conclusion**

Accordingly, it is RECOMMENDED that respondent's motion to dismiss (ECF No. 15) be granted and the petition be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v.*

---

[5] The Ninth Circuit has held that "§ 2244(d)(1) requires consideration of the appropriate triggering date for each claim presented in the application." *Souliotes v. Evans*, 622 F.3d 1173, 1180 (9th Cir. 2010) (vacated on other grounds by *Souliotes v. Evans*, 654 F.3d 902 (9th Cir. 2011)).

7

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 3, 2017.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE